GLADNEY, Judge.
This action was instituted by Reet T. Lawhon and his workmen’s compensation *156 insurer, American Employer’s Insurance Company, against Ray Spooner, seeking a declaratory judgment as to whether or not the defendant was an employee of Lawhon on July 2, 1962, and to determine plaintiffs’ liability vel non to Spooner for workmen’s compensation. The defendant by answer and reconventional demand claimed entitlement to compensation as for total and permanent disability and also demanded that statutory penalties and attorneys’ fees should be assessed.
Following a trial on the merits, judgment was rendered rejecting plaintiffs’ demands and awarding the defendant workmen’s compensation as prayed for, but refusing his demands for penalties and attorneys’ fees. After plaintiffs’ appeal was lodged in this court, the defendant filed an answer to the appeal renewing his demand for penalties and attorneys’ fees.
Reet Lawhon acquired from Ray Spooner and his wife a dairy located in Bienville Parish and arranged with the Spooner family to continue the operation of the dairy under an agreement binding Lawhon to pay $150.00 per month. During the early months of 1962 Lawhon engaged Spooner to erect a fence around his property. No definite date for completion was fixed nor was the consideration to be paid Spooner determined in advance. Lawhon agreed to pay such labor as would be needed to help Spooner in the work and also agreed to furnish fence posts, wire, and other materials required for the construction of the fence. Spooner agreed to and did furnish his tractor and trailer and upon completion of the work about July 14, 1962, which required a total of 15 working days, Spooner rendered his bill for $150.00 covering all of his services which bill was approved and paid by Lawhon.
Spooner testified that his wages should be computed at $10.00 per day including $1.00 for the tractor and trailer which was used very little. When the work was being carried on, Spooner, assisted Claude Ray and John Lee in constructing the fence by driving the tractor and stretching and nailing wire.
Appellee further testified that about July 2, 1962, he, Ray, and Lee were pushing the tractor for the purpose of getting it started when, while so engaged, he experienced a sharp pain in his leg and back which continued thereafter and eventually required operative procedure by Dr. D. F. Overdyke. The testimony with respect to the occurrence of the accident was fully corroborated by Ray. At the suggestion of Mr. Lawhon, he consulted with Dr. D. F. Overdyke on November 1, 1962 whose examination disclosed a herniated disc that required an operation which was performed during April, 1963.
Spooner worked for The Early Company prior to the week ending July 11, 1962. From an exhibit found in the record it appears that Spooner worked 44 hours for this employer during the week ending July 6 and approximately the same number of hours during the following week. He testified, however, that the work was confined to reading blueprints and required no physical strain. On or about July 15 Ray Spooner and his wife took an automobile trip to Alaska and remained there approximately 2 weeks before returning. The trip' required 5 days of traveling each way and the vehicle, a 1959 Ford Ranchero, was driven equally by Spooner and his wife.
Dr. Overdyke treated Spooner after November 1, 1962. In April of 1963 he operated for the purpose of the removal of a disc between L-5 and S-l. Within 5 days after the operation Spooner experienced a drop foot and unsteady leg. Later Dr„ Philip Bonn removed a ruptured disc between vertebrae L-3 and L-4 and a piece-of disc which the previous operation had missed. The second operation greatly improved the condition of the drop foot and unsteady leg, but failed to restore it to its normal use and Dr. Bonn estimated that Spooner would have a 15% permanent disability of his back, together with inability to normally use the injured leg. He did state, *157 however, that it is possible that full correction of the leg may take place within the next 18 months.
Although counsel for plaintiffs first contend that Spooner was an independent contractor for Lawhon, and therefore is not a beneficiary under the Workmen’s Compensation Act, the facts do not support this argument. Under LSA-R.S. 23:1021(6), as amended in 1948, a person who renders manual labor in the performance of work which would otherwise have characterized him as an “Independent Contractor” is made a beneficiary under the statute if a substantial part of his work time is spent in manual labor. The testimony is undisputed that Spooner drove the tractor, strung the wire and performed other manual services in connection with the erection of the fence, and it is our opinion the trial judge was correct in finding that Spooner was an employee within the meaning of the workmen’s compensation statute.
Claimant, under the Workmen’s Compensation Act, is entitled to benefits based upon the employee’s daily wage multiplied by six. This follows from the decision in Carrington v. Consolidated Underwriters, 230 La. 939, 89 So.2d 399 (1956), which held that regardless of the number of days actually worked by the employee his weekly compensation payments should be computed on the basis of six working days.
Although appellants point out that Spooner’s work record with The Early Company and his trip to Alaska are facts which refute his testimony that he sustained a serious back injury on July 2, 1962, Spooner’s testimony, as corroborated, does establish that he sustained the employment injury of which he complains and which has proven to be totally and permanently disabling. That the date is not fixed with exact certainty appears to be relatively unimportant when weighed against positive proof of the occurrence of the injury.
It is urged through appellee’s answer to the appeal that penalties and attorneys’ fees should be allowed in this case as the insurer failed to promptly make payments of compensation and further delayed such payments by the institution of this action, but upon examination of the record we find the actions of plaintiffs were not arbitrary and capricious and in this respect our conclusion is strengthened by that of the district judge who likewise reached this determination.
For the foregoing reasons the judgment from which appealed is affirmed at appellants’ cost.